# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHANNA R. WHEELER,** <br> Plaintiff, <br> vs. <br> **CARRINGTON MORTGAGE SERVICES LLC,** <br> Defendant. | CASE NO. 19-cv-08077-YGR <br><br> **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** <br> Re: Dkt. Nos. 2, 5 |

*Pro se* plaintiff Johanna R. Wheeler has filed suit against defendant Carrington Mortgage Services LLC related to the alleged illegal foreclosure of plaintiff's home. Currently pending before the Court is plaintiff's *ex parte* motion for a temporary restraining order, in which she seeks to enjoin defendant from conveying title to, or evicting her or her family from, the property in which plaintiff resides, located at 36 Ruth Avenue, Hampden, Maine. Having considered the papers submitted, the Court hereby **DENIES** plaintiff's motion.

As a preliminary matter, the Court finds no evidence that either oral or written notice of plaintiff's motion was given to defendant. *See* Fed. R. Civ. P. 65(b)(1). Although a court may issue a TRO without notice to the adverse party under limited circumstances, those exceptions do not apply here. Namely, plaintiff has not "certified in writing any efforts made to give notice and the reasons why it should not be required," and as explained further herein, plaintiff has not offered "specific facts . . . clearly show[ing] that immediate or irreparable injury . . . will result to [plaintiff] before [defendant] can be heard in opposition." *Id*.

To establish a right to a preliminary injunction, a plaintiff must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities tips in its favor; and (4) the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *American Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). In the instant case, although plaintiff represents that she will suffer irreparable harm without a TRO because she may be evicted from

her home, plaintiff has not provided this Court with enough information for it to perform a complete analysis on the other three factors. For example, although plaintiff alleges that she "informally petitioned" a court for reconsideration of a decision made during related foreclosure hearings, plaintiff does not identify the court, the decision she requested to have reconsidered, or the status of her petition. Further, plaintiff alleges that defendant "currently holds a Writ of Possession that was obtained pursuant to a Hearing, for which Plaintiff was not Noticed nor Present," but plaintiff does not explain why she has filed suit in this Court challenging the decision of another, unidentified court. Such information is relevant to the Court's analysis of plaintiff's likelihood of succeeding on the merits, as well as the balancing of equities. Without it, the Court lacks sufficient information to issue a TRO.

Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. Having reviewed the application, the Court **DENIES** the application. Given that plaintiff and her husband's combined net income is $4,800 per month, even when factoring in expenses, the Court is not persuaded that plaintiff is unable to pay the required filing fees. *See Choudhuri v. Specialized Loan Servs., LLC*, 2019 WL 109448 at *4 (N.D. Cal. Jan. 4, 2019) ("A plaintiff seeking to proceed in forma pauperis 'must allege poverty with some particularity, definiteness and certainty.' . . . . The court finds that plaintiff's IFP application, showing plaintiff makes about $4,444.94 per month . . . fails to show that 'plaintiff cannot pay the filing fees necessary to pursue the action.'" (internal citations omitted)). Accordingly, the filing fee of $400.00 must be paid no later than **January 13, 2020**. Failure to pay the filing fee by that date will result in dismissal for the above-entitled action without prejudice. Further, plaintiff is hereby apprised of her responsibility to serve the complaint and any amendments, scheduling orders, attachments, pursuant to Federal Rules of Civil Procedure 4. Plaintiff also has a continuing obligation to keep the Court informed of his or her current address. Failure to do so may result in dismissal of this action.

**IT IS SO ORDERED.**

Dated: December 13, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**